FILED BY \_\_.\_\_ D.C.

# IN THE US DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

09 NOV 18 PM 5: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

| | |
|---|---|
| Mike Parsons | ) |
| | ) |
| **Plaintiff:** | ) |
| | ) |
| VS. | ) |
| | ) |
| **JOSEPH WALKER III** | ) |
| **WILLIAM PEELER** | ) |
| **C. MICHAEL ROBBINS** | ) |
| **REBECCA MILLS** | ) |
| **JEFF FLETCHER** | ) |
| **DONNA TUNER** | ) |
| | ) |
| **Defendants:** | ) |

\#  _____

**DEMAND FOR JURY TRIAL**

---

## COMPLAINT OF CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS TITLE 42 SECTION 1983 USC

---

COMES NOW, Mike Parsons, (herein referred to as Parsons) and presents the following complaint of Civil Right Violations against the following listed DEFENDANTS, herein referred to individually by last name and collectively as defendants:

1. Joseph Walker III, while acting in the capacity of Circuit Court Judge for the 25th Judicial District at Tipton County Tennessee. Herein referred to as Walker.

2. Joseph Walker III, while acting in the capacity of Chancery Judge for the 25th Judicial District at Tipton County Tennessee. Herein referred to as Walker.

3. William Peeler, while acting in the capacity of General Sessions Judge for the 25th Judicial District at Tipton County Tennessee. Herein referred to as Peeler.

4. C. Michael Robbins, while acting in the capacity of Court Appointed Legal Counsel for Mike Parsons, in the Circuit Court of the 25th Judicial District at Tipton County Tennessee. Herein referred to as Robbins.

5. Rebecca Mills, while acting in the capacity of Court Appointed Legal Counsel for Mike Parsons, in the Circuit Court of the 25th Judicial District at Tipton County Tennessee. Herein referred to as Mills.

6. Jeff Fletcher, while acting in the capacity of Tipton County Deputy, in the 25th Judicial District. Herein referred to as Fletcher.

7. Donna Turner, while acting in the capacity of Tipton County Deputy, in the 25th Judicial District. Herein referred to as Fletcher.

### History

Over the past several years, there have been several instances where Walker, Peeler, Fletcher, Turner and most recently Robbins and Mills, did knowingly, intentionally, with mails and forethought and under the Color of Law, did Violate and Deprive Mike Parsons of his Civil Rights, Due Process Rights and Deprived Mike Parsons of his Liberty.

I. According to Parsons affidavit, in December of 2001, Peeler threatened to have Parsons arrested if he filed a complaint against Rocky and Rusty Jonakin and intimidated Parsons through fear of imprisonment to not file his complaint against the Jonakins, a denial of Parsons Civil Rights and Due Process.

"Peeler told me that he could not stop me from filing a complaint against the Jonakins but that he, Peeler, would have me arrested for trespassing because of a phone call to him from the Jonakins stating I was on their property. I informed Peeler I had a survey of my property in hand and that it included half of the gravel road in front of my property creating a prescriptive easement and therefore, no one individual owned control of the

road. I informed Peeler that the law prevented land locking a property. And that this road had been reference on my property legal description for over 100 years. Peeler then told me that if I filed a complaint he would have me arrested and I would not get out of jail until next Monday. Peeler said this was a very dangerous jail and sometimes people don't come out of that jail alive."

Parsons was attempting to file a complaint at the Tipton County Clerk's office against Rusty Jonakin who, according to Parsons affidavit, pointed guns at Parsons, threatening him with assault and Rocky Jonakin, who attempting to shoot Parsons and committing attempted 1st degree murder and aggravated assault on Parsons all of which was witnessed by not less than 6 Tipton County Sheriffs Deputies who refused to arrest the Jonakins but told Parsons to leave his property of he would be arrested.

II.    In 2005, Walker denied Parsons Due Process of Law when he dismissed Parsons civil suit without a trial, where disputed material facts existed related to Mr. James Wells shot and killed Parsons dog in the presence of Parsons wife.

III.   In 2006, Walker dismissed Parsons challenge of the 2006 general Election in which Parsons was a candidate for County Executive and Walker was a candidate for Circuit Judge. Despite Walker having recused himself from another challenge to that same 2006 election, Walker refused to recuse himself from Parsons challenge of the election despite Walkers direct financial interest in the outcome of a case that could ultimately void the election and cause him to have to run for office again. In that case, Parsons appealed Walkers decision to the Tennessee Court of Appeals in Jackson and in that complaint, Parsons sighted the following:

1)   That evidence proving fraud in the tabulation of the vote of the 2006 General Election for Tipton County and other relevant fact were willfully removed from the record by Walker while acting as Chancery Court Judge in the trial

court. This intentional alteration of the record amounts to a criminal act, perpetrated by Walker for the express purpose of preventing the Appellate Court from rendering a fair ruling in this case.

2) The errors complained of in this appeal all show prejudice and wrong doing by Walker in the lower court.

3) Such actions of the lower court served to deny the Plaintiff's right to due process and equal protection under the law.

IV.    On September 24, 2007, Peeler ordered Tipton County Deputy Walls to arrest Parsons and charge Parsons with aggravated assault and reckless endangerment after Mr. Barry Laxton, a friend on the man Parsons was suing for the 2006 election challenge shot at Parsons and Parsons wife and killed Parsons dog. Where Laxton went into his house to get his gun then crossed the street to pursue Parsons dog with the intent to kill it for no reason other than he disliked Parsons for running against his friend Jeff Huffman for County Executive. Parsons informed Tipton County Sheriff's Deputy, Walls that he observed Laxton shot at him, his wife and shot and killed Parsons dog Brandi. The officer knew that Laxton had crossed the street to shoot at Parsons family and was on the neighbors property, and not his own. Officer Walls refused to look at Brandi and did not interview Mrs. Parsons but arrested Parsons at the order of Judge Peeler. Subsequently Peeler, heard Parsons Probable Cause Hearing in April of 2008 and in spite of Parsons Motion sighting that Peeler had already ruled by virtue of his ordering the arrest of Parsons and that Peeler had a financial interest as he was on the ballet of the 2006 election and if Parsons was successful in his civil suit,

Peeler would have to run for office again. Peeler denied Parsons Motion. In the probable cause hearing. Peeler also testified for Mr. Laxton when Laxton keep changing his story. Upon Mrs. Parsons testifying as to the events of September 24, 2007, Peeler stated he did not care that she was shot at and her dog was killed, he only cared that Laxton claimed he was told he was under citizen's arrest and told to stop shooting by Parsons.

V.   On July 06, 2008 Fletcher falsely arrested Parsons without a warrant in hand and attacked Parsons and falsely charged Parsons with resisting arrest.

VI.   In the January of 2009, Walker appointed Mike Robbins as legal counsel in the matter of State vs. Mike Parsons #6030 in the 25th Judicial District. In this case, Parsons was now falsely accused of kidnapping for telling a man, ( Barry Laxton, who lives across the street and is a friend of the man Parsons was challenging in the Appeal of the 2006 election,) to stop shooting when that man attacked Parsons Dog while it was on Parsons next `door neighbors property swimming in the pond. That without cause, the shooter crossed the street and after shooting more than 30 round from an assault rifle, killed Parsons family pet while it was running to Parsons who was on the next door neighbors property screaming for the shooter to stop shooter. The shooter was also observed by Parsons shooting at Parsons himself and shooting in the area of Parsons wife. These are criminal offences of aggravated assault, reckless endangerment and felony killing of a wolf. Wolves are Federally protected as an endangered species in the State of Tennessee. Even though Parsons dog is a wolf husky mix or wolf hybrid, because the shooter though he was killing a wolf he can be charged as though he was killing a wolf.

All of these acts were witnessed by Parsons and reported to the Tipton County

Sheriffs Deputies. That Parsons is charged because he told the man to stop

shooting, to put his gun down and told the shooter he was under Citizens Arrest.

All allowed by the Tennessee Code Annotated. Self Defense: 39-11-611, 39-17-

1322, Defense of Others: 39-11-612, Protection of Property: 39-11-614,

Justification for use of force: 39-11-622, 39-11-621: Use of deadly force by

private citizen, Citizens Arrest: 40-7-101, Arrest by private person: 40-7-111.

a) That the day of the appointment of Robbins, Parsons notified the court that

Robbins revealed he was moving to Oklahoma, did not want the case and was

verbally abusive to Parsons. Parsons returned to the court but the court

refused to hear Parsons at that time and Parsons was later contacted by

Robbins who now said he could now handle the case.

b) In March of 2009, Parsons filed a Motion to remove Robbins, sighting, the

fact that Robbins had not filed any motions. And made no substantive

attempts to prepare for a trial set a few weeks away nor obtain discovery. That

Robbins threatened Parsons that he, Robbins would file a false report with the

court that Parsons was not being cooperative because Parsons would not agree

to plead guilty for crimes he did not commit.

c) Parsons also sighted the fact that Robbins was in the process of moving to

Oklahoma and that Walker was aware of this when he appointed Robbins.

d) At Parsons Motion hearing to remove Robbins, Walker displayed prejudice by

stated Parsons was trying to manipulate the court. When it was Walker who

appointed Robbins with the knowledge he was moving.

VII.   That in April, 2009, Walker appointed Rebecca Mills, to replace Robbins.  Mills stated she lived in another county well over 50 miles away, and according to Mills was a live long friend of Walker. That in her 15 years as an attorney Ms. Mills has had very few criminal cases and only a hand full of these criminal cases where taken to trial.  And that she has no trial experience involving the charge of aggravated kidnapping.  A motion to remove Mills filed before walker sighted the following:

a.)  Ms. Mills revealed she did not know the statutes for self defense and did not know a person could enact a citizen's arrest.

b.)  Ms. Mills revealed she did not believe in owning guns.

c.)  Ms. Mills also discussed her work load and limitation of time to discuss my case because of that work load.

d.)  Ms. Mills made the statement "I have a real problem with someone always saying they want to sue someone or says if you don't do me right I'm going to report you" eluding to my complaint file with the Board of Professional Responsibility about the unprofessional behavior of Mr. Michael Robbins while he was appointed to me as legal counsel.

e.)  She stated she was not going to put her health at risk citing a previous criminal case she had handled.  Indicating she did not want a stressful case.

f.)  Ms. Mills stated that she preferred to do Social Security cases.

g.)  Ms. Mills stated that for these reasons she had no problem if I requested someone else to represent me.

In the Motion hearing to remove Mills, Parsons sighted her comments and her recommendation to move the remove her. However, in the hearing Mills denied her statements to Parsons. In that hearing, Walker refused to remove her.

VIII    Then, when Parsons and Mills left the court room and sat in the court lobby outside the court room, Mills physically attacked Parsons when he asked why she lied to the court and informed her he had a recording of their conversation the day before to support his motion. The assault occurred when Mills hit Parsons with her left elbow in Parsons chest as she was reaching across Parsons, grabbing his hand and the recorder in his hand. Parsons then asked her to report her actions to the court but she refused. Parsons then called the Covington City Police and filed a complaint for the assault.

a)  A few days later, Mills filed a motion without the knowledge or authorization of Parsons to require he submit to a psychological evaluation.

b)  Parsons testified at the Motion hearing that he was not given 5 days notice, that he only received the notice the day before and needed to continue the hearing. Parsons argued that Mills assaulted him, asked for her removal and sighted she had notified Parsons of her motion and that Parsons gave no authority for the evaluation. Parsons quoted the cannon of ethics for attorneys requiring them to follow the directions of the client. The judge refused and ordered the unwarranted evaluation.

c)  Mills Motion was nothing but retaliation because of her assault on Parsons and his subsequent report to the police.

d) It should be noted that despite the report to the police and a video recording by
the court the District Attorney Mike Dunavant refused to prosecute her.
It should also be noted that Parsons filed a Civil Rights Law Suite against
Mike Dunavant and his assistant Neal Oldham because of their conspiracy to
falsely charge Parsons with Aggravated kidnapping as reported to Parsons by
the District Public Defender Gary Antrican, an officer of the Court. A
pending Civil Rights Suit against Dunavant and Oldham is not filed in the
Federal Court in Memphis.

IX     Parsons then filed an emergency appeal to the Court of Appeals. Because the
Court of Appeals did not respond before the date of the evaluation Parsons went
to the appointment scheduled by Mills with a psychologist she chose. However,
the address listed on the order provided by Walker was no correct. The order also
failed to have a contact phone number for the psychologist. Parsons called the
court clerk for a correct address by they had no additional information. Mills did
not answer the phone when Parsons called her. And, the phone information
service called had no listing for the Psychologist in the Memphis directory.

X      As a result of Parsons my missed appointment on May 27th 2009, Walker sent
Parsons notice to show cause, filed May 27, 2009 and scheduled the hearing for
Friday June 5th, 2009. Parsons received this notice on Monday June 1st 2009.
Rule 45 states that any hearing must be served at least 5 days prior to the hearing
and the date the notice is received is not counted nor is the day the hearing is to be
heard on counted. Because Parsons already had a court date in the Circuit Court
in Memphis for the same date and time but scheduled months in advance, Parsons

tried to reach Mills to inform her of this conflict in scheduling, but she did not

return Parsons call so Parsons faxed her a motion for a continuance for the court

date in Tipton County.  Since Parsons was not given the proper amount of notice,

and the hearing in Memphis was to prepare for the trial scheduled for the

following Monday, June 8th, 2009 and the Judge in that case warned against

missing that hearing Parsons went to the Memphis hearing first but called the

Clerk's office of Tipton County and informed them he would be late but I would

be there about two hours late.

XI     When Parsons arrived about 1.5 hours late in Tipton County, he was arrested by

Tipton County Chief Deputy Donna Turner who told him he was being arrested

on a Capias for Failure to Appear.  Parsons informed her about the hearing in

Memphis and that he had a personal business card given to him by Judge Kay

Robilio in his pocket to show Judge Walker that he was in fact in her court.  The

capious stated that the person being arrested should be brought before the

magistrate or Judge immediately.  Parsons was never taken before the Judge in

this case, but was taken to the jail.  At that moment, Donna Turner kidnapped

Parsons by virtue of taking he to the jail instead of the Walker.  The capious

issued by Walker was an illegal warrant because it was not issued by a Grand

Jury.  In this arrest, Parsons was never arraigned and was told his bond was

revoked.  It should be noted that Walker had a hearings on Monday, June 8th and

was aware Parsons was in the jail because he was called by Judge Robilio

personally and told that Parsons was in her court room on Friday the 5th of June at

9:30 am.  While in jail, Parsons was informed by Mills that Fletcher, told Walker

in open court that he called the Shelby County Court Clerk and he claimed he was told Parsons was not on their docket for Friday the 5th of June. Parsons was issued a bond after ten days but neither Mills, Walker or the jailers informed Parsons. On the 22 day Mills made her 1st appearance to see Parsons and informed him a bond was set at 50,000.00 double what it was originally. Parsons has spent 22 days in jail and 12 more than had been necessary if Mills, Walker or the jailers had informed Parsons. During the 22 days in jail, Parsons lost 20 pounds in weight dropping from 200lbs to180 lbs. Parsons is 6'5" tall and this was devastating to his health.

XII   At the last week in October Ms. Mills notified me via e-mail that if I wanted to use the audio recording I made at the scene that exonerates me she would ask the court the remover her as legal counsel in the strongest possible way. Considering I have told her since the 1st day I spoke to her I would use this recording I was not surprised she would bail on me and use that as an excuse. She has consistently worked against me, so why should I expect her to do anything different? Then on November 02, 2009 Ms. Mills moved the court to release her as legal counsel sighting we had different views. The judge allowed her to be removed and when I asked to be provide legal counsel to assist me he appointed her as elbow counsel. This is nothing more than a manufactured way to remove her from any responsibility but still have her there to prevent any competent legal assistance. I argued that I was entitled to proper legal counsel and that I needed time to prepare for the case. The judge denied my request.

This lengthy and ongoing history of denial and abuse of Parsons Civil Rights shows the

defendants independently and conspiratorially did these acts with malice and

forethought against Mr. Parsons.

This Court has jurisdiction pursuant to title 42 section 1983 USC.

The plaintiff prays for relief in the form of punitive damages of $10,000,000.00,

TEN MILLION DOLLARS and compensatory damages and any other relief as this court

deems proper.

Respectfully Submitted;

_____

**Mike Parsons Propria Persona**
**P.O. BOX 655**
**Arlington Tennessee 38002**
**901-353-6453**

**Service of Process instituted on this 18th day of November 2009.**

Hnıɣ DɛLı ʋ6nɣ

**IN THE US DISTRICT COURT FOR THE WESTERN DISTRICT OF
TENNESSEE AT MEMPHIS**

| | | |
|---|---|---|
| **Mike Parsons** | ) | |
| | ) | |
| **Plaintiff:** | ) | |
| | ) | # |
| **VS.** | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| **JOSEPH WALKER III** | ) | |
| **WILLIAM PEELER** | ) | |
| **C. MICHAEL ROBBINS** | ) | |
| **REBECCA MILLS** | ) | |
| **JEFF FLETCHER** | ) | |
| **DONNA TUNER** | ) | |
| | ) | |
| **Defendants:** | ) | |

---

**AFFIDAVIT OF MIKE PARSONS IN SUPPORT OF A CHANGE OF VENUE
FROM THE 25TH JUDICIAL DISTRICT TO THE 30TH JUDICIAL DISTRICT**

---

**STATE OF TENNESSEE**

**COUNTY OF** _TIPTON_

Mike Parsons, being duly sworn according to law, deposes and says, as follows:

1. I am a resident citizen of Tipton County, Tennessee, in the 25th Judicial District in
   Brighton Tennessee.

2. Over the past several years, there have been several instances where Walker, Peeler,
   Fletcher, Turner and most recently Robbins and Mills, did knowingly, intentionally, with
   malis and forethought and under the Color of Law, did Violate and Deprive me of my
   Civil Rights, Due Process Rights and did Deprived me of my Liberty.

3.  In December of 2001, Peeler threatened to have me arrested if I filed a complaint against Rocky and Rusty Jonakin and intimidated me through fear of imprisonment to not file my complaint against the Jonakins, a denial of my Civil Rights and Due Process.

4.  "Peeler told me that he could not stop me from filing a complaint against the Jonakins but that he, Peeler, would have me arrested for trespassing because of a phone call to him from the Jonakins stating I was on their property.  I informed Peeler I had a survey of my property in hand and that it included half of the gravel road in front of my property creating a prescriptive easement and therefore, no one individual owned control of the road.  I informed Peeler that the law prevented land locking a property.  And that this road had been reference on my property legal description for over 100 years.  Peeler then told me that if I filed a complaint he would have me arrested and I would not get out of jail until next Monday.  Peeler said this was a very dangerous jail and sometimes people don't come out of that jail alive."

5.  I was attempting to file a complaint at the Tipton County Clerk's office against Rusty Jonakin who, pointed guns at me, threatening me with assault and Rocky Jonakin, attempting to shoot me and committing attempted 1st degree murder and aggravated assault on me all of which was witnessed by not less than 6 Tipton County Sheriffs Deputies who refused to arrest the Jonakins but told me to leave my property or I would be arrested.

6.  In 2005, Walker denied my Due Process of Law when he dismissed my civil suit without a trial, where disputed material facts existed related to Mr. James Wells who shot and killed my dog in the presence of my wife.

7. In 2006, Walker dismissed my challenge of the 2006 general Election in which I was a candidate for County Executive and Walker was a candidate for Circuit Judge. Despite Walker having recused himself from another challenge to that same 2006 election, Walker refused to recuse himself from my challenge of the election despite Walkers direct financial interest in the outcome of a case that could ultimately void the election and cause him to have to run for office again. In that case, I appealed Walkers decision to the Tennessee Court of Appeals in Jackson and in that complaint, I sighted the following:

   1) That evidence proving fraud in the tabulation of the vote of the 2006 General Election for Tipton County and other relevant fact were willfully removed from the record by Walker while acting as Chancery Court Judge in the trial court. This intentional alteration of the record amounts to a criminal act, perpetrated by Walker for the express purpose of preventing the Appellate Court from rendering a fair ruling in this case.

   2) The errors complained of in this appeal all show prejudice and wrong doing by Walker in the lower court.

   3) Such actions of the lower court served to deny the Plaintiff's right to due process and equal protection under the law.

   4) On September 24, 2007, Tipton County Deputy Walls partner informed me I was being arrested at the direction of Judge Peeler.

   5) At a probable cause hearing Peeler refused to recuse himself in spite the fact Peeler had already ruled by virtue of his ordering the arrest of me and that Peeler had a financial interest as he was on the ballet of the 2006 election and if I was successful in my civil suit, Peeler would have to run for office again.

6) Peeler denied my Motion in the probable cause hearing.

7) Peeler also testified for Mr. Laxton when Laxton keep changing his story.

8) After my wife testifying as to the events of September 24, 2007, Peeler stated he did not care that she was shot at and her dog was killed, he only cared that Laxton claimed he was told he was under citizen's arrest and told to stop shooting by Parsons.

9) On July 06, 2008 Fletcher falsely arrested me without a warrant in hand and did cause an assault on me with the assistance of other officers. He then falsely charged me with resisting arrest.

10) Those charges were later dropped.

11) On September 24, 2007 I was falsely charged when I told the Barry Laxton to stop shooting, to put his gun down and that he was under Citizens Arrest. All allowed by the Tennessee Code Annotated. Self Defense: 39-11-611, 39-17-1322, Defense of Others: 39-11-612, Protection of Property: 39-11-614, Justification for use of force: 39-11-622, 39-11-621: Use of deadly force by private citizen, Citizens Arrest: 40-7-101, Arrest by private person: 40-7-111. And all because Laxton shot at my wife and I and shot and killed my dog.

12) When Michael Robbins as appointed he revealed he was moving to Oklahoma, that he did not want the case and he was verbally abusive to me.

13) I returned to the court but the court refused to hear me at that time.

14) In March of 2009, I filed a Motion to remove Robbins, sighting, the fact that Robbins had not filed any motions. And made no substantive attempts to prepare for a trial set a few weeks away nor obtain discovery.

15) That Robbins threatened me and Robbins stated he would file a false report with the court that I was not being cooperative because I would not agree to plead guilty for crimes I did not commit.

16) At my Motion hearing to remove Robbins, Walker displayed prejudice by stated I was trying to manipulate the court.

17) When it was Walker who appointed Robbins with the knowledge he was moving.

18) That in April, 2009, Walker appointed Rebecca Mills, to replace Robbins. Mills stated she lived in another county well over 50 miles away, and according to Mills was a live long friend of Walker.

19) That in her 15 years as an attorney Ms. Mills has had very few criminal cases and only a hand full of these criminal cases where taken to trial.

20) And that she has no trial experience involving the charge of aggravated kidnapping.

21) I filed a motion to remove Mills filed before walker sighted the following:

a.) Ms. Mills revealed she did not know the statutes for self defense and did not know a person could enact a citizen's arrest.

b.) Ms. Mills revealed she did not believe in owning guns.

c.) Ms. Mills also discussed her work load and limitation of time to discuss my case because of that work load.

d.) Ms. Mills made the statement "I have a real problem with someone always saying they want to sue someone or says if you don't do me right I'm going to report you" eluding to my complaint file with the Board of Professional

Responsibility about the unprofessional behavior of Mr. Michael Robbins while he was appointed to me as legal counsel.

e.) She stated she was not going to put her health at risk citing a previous criminal case she had handled.  Indicating she did not want a stressful case.

f.) Ms. Mills stated that she preferred to do Social Security cases.

g.) Ms. Mills stated that for these reasons she had no problem if I requested someone else to represent me.

h.) In the Motion hearing to remove Mills, I sighted her comments and her recommendation to move the remove her.  However, in the hearing Mills denied her statements to me.  In that hearing, Walker refused to remove her.

i.) Then, when Mills and I left the court room and sat in the court lobby outside the court room, Mills physically attacked me when he asked why she lied to the court and informed her he had a recording of their conversation the day before to support his motion.  The assault occurred when Mills hit me with her left elbow in my chest as she was reaching across me, grabbing his hand and the recorder in his hand.  I then asked her to report her actions to the court but she refused.  I then called the Covington City Police and filed a complaint for the assault.

j.) A few days later, Mills filed a motion without the knowledge or authorization of me to require he submit to a psychological evaluation.

k.) I testified at the Motion hearing that he was not given 5 days notice, that he only received the notice the day before and needed to continue the hearing. I argued that Mills assaulted him, asked for her removal and sighted she had notified me of her motion and that I gave no authority for the evaluation. I quoted the cannon of ethics for attorneys requiring them to follow the directions of the client. The judge refused and ordered the unwarranted evaluation.

l.) Mills Motion was nothing but retaliation because of her assault on me and my subsequent report to the police.

m.) It should be noted that despite the report to the police and a video recording by the court the District Attorney Mike Dunavant refused to prosecute her.

It should also be noted that I filed a Civil Rights Law Suite against Mike Dunavant and his assistant Neal Oldham because of their conspiracy to falsely charge me with Aggravated kidnapping as reported to me by the District Public Defender Gary Antrican, an officer of the Court. A pending Civil Rights Suit against Dunavant and Oldham is not filed in the Federal Court in Memphis.

1. Parsons then filed an emergency appeal to the Court of Appeals. Because the Court of Appeals did not respond before the date of the evaluation Parsons went to the appointment scheduled by Mills with a psychologist she chose. However, the address listed on the order

provided by Walker was no correct.  The order also failed to have a
contact phone number for the psychologist.

2.  That I then called the court clerk for a correct address by they had no
additional information.

3.  That Mills did not answer the phone when I called her.  And, the phone
information service called had no listing for the Psychologist in the
Memphis directory.

4.  As a result of my missed appointment on May 27th 2009, Walker sent
me notice to show cause, filed May 27, 2009 and scheduled the
hearing for Friday June 5th, 2009.

5.  I received this notice on Monday June 1st 2009.  Rule 45 states that
any hearing must be served at least 5 days prior to the hearing and the
date the notice is received is not counted nor is the day the hearing is to
be heard on counted.

6.  Because I already had a court date in the Circuit Court in Memphis for
the same date and time but scheduled months in advance, I tried to
reach Mills to inform her of this conflict in scheduling, but she did not
return my call so I faxed her a motion for a continuance for the court
date in Tipton County.

7.  Since I was not given the proper amount of notice, and the hearing in
Memphis was to prepare for the trial scheduled for the following
Monday, June 8th, 2009 and the Judge in that case warned against
missing that hearing I went to the Memphis hearing first but called the

Clerk's office of Tipton County and informed them I would be late but I would be there as soon as possible.

8. When I arrived about 1.5 hours late in Tipton County, I was arrested by Tipton County Chief Deputy Donna Turner who told him I was being arrested on a Capias for Failure to Appear.

9. I informed her about the hearing in Memphis and that he had a personal business card given to him by Judge Kay Robilio in his pocket to show Judge Walker that he was in fact in her court. The capious stated that the person being arrested should be brought before the magistrate or Judge immediately.

10. I was never taken before the Judge in this case, but was taken to the jail. At that moment, Donna Turner kidnapped me by virtue of taking me to the jail instead of the Judge.

11. The capious issued by Walker was an illegal warrant because it was not issued by a Grand Jury.

12. In this arrest, I was never arraigned and was told my bond was revoked.

13. I was informed that Walker had a hearings on Monday, June 8th and was aware I was in the jail because he was called by Judge Robilio personally and she told him that I was in her court room on Friday the 5th of June at 9:30 am. While in jail, I was informed by Mills that Fletcher, told Walker in open court that he called the Shelby County

Court Clerk and he claimed he was told I was not on their docket for Friday the 5th of June.

14. I was issued a bond after ten days but neither Mills, Walker or the jailers informed me. On the 22 day Mills made her 1st appearance to see me and informed me a bond was set at 50,000.00 double what it was originally.

15. I spent 22 days in jail and 12 more than had been necessary if Mills, Walker or the jailers had informed me. This deprived me of my liberty. During the 22 days in jail, I lost 20 pounds in weight dropping from 200lbs to180 lbs.

16. I am 6'5" tall and this was devastating to my health.

17. At the last week in October Ms. Mills notified me via e-mail that if I wanted to use the audio recording I made at the scene that exonerates me she would ask the court the remover her as legal counsel in the strongest possible way.

18. Considering I have told her since the 1st day I spoke to her I would use this recording I was not surprised she would bail on me and use that as an excuse.

19. She has consistently worked against me, so why should I expect her to do anything different? Then on November 02, 2009 Ms. Mills moved the court to release her as legal counsel sighting we had different views.

20. The judge allowed her to be removed and when I asked to be provide legal counsel to assist me he appointed her as elbow counsel. This is nothing more than a manufactured way to remove her from any responsibility but still have her there to prevent any competent legal assistance.

21. I argued that I was entitled to proper legal counsel and that I needed time to prepare for the case. The judge denied my request.

**FURTHER DEPONENT SAITH NOT**

_____
Mike Parsons

**STATE OF TENNESSEE**

**COUNTY OF** Shelby

On this _18_ day of _November_____, 2009 before me, a Notary Public of the State of Tennessee and __Shelby___ County, personally appeared Mike Parsons to me known (or prove to me on the basis of satisfactory evidence), and who, upon oath, acknowledged that he executed the foregoing instrument for the purpose therein contained.

_____
NOTARY PUBLIC

**My Commission Expires:**

_____
MY COMMISSION EXPIRES:
January 26, 2011

TINA A. KELLER
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY