IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MIKE PARSONS,

       Plaintiff,

vs.                                                                No. 09-2753-JDT/cgc

JOSEPH WALKER, et al.,

       Defendants.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
(DOCKET ENTRY 2)
ORDER OF DISMISSAL
AND
NOTICE OF APPELLATE FILING FEE

       On November 18, 2009, Plaintiff Mike Parsons filed this complaint under 42 U.S.C. § 1983. (Docket Entry ("D.E." 1.) Plaintiff also filed a motion to proceed in forma pauperis. (D.E. 2.) The motion to proceed in forma pauperis (D.E. 2) is GRANTED. The Clerk shall record the Defendants as Joseph Walker, III, William Peeler, C. Michael Robbins, Rebecca Mills, Jeff Fletcher, and Donna Turner.

       Plaintiff's complaint is a pro se complaint subject to screening under 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal-
>
>     (i)     is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). see also 28 U.S.C. § 1915A(b).

       In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Minadeo v. ICI Paints, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); Savage v. Hatcher, 109 F. App'x 759, 761 (6th Cir. 2004); Coker v. Summit County Sheriff's Dep't, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of pro se complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); Foundation for Interior Design Educ. Research v. Savannah College of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough conclusory assertions that do not suffice to state a cognizable constitutional claim"); Foundation for Interior Design Educ. Research v. Savannah College of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Community Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

The fact that a litigant is proceeding pro se or is a prisoner do not absolve him from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 . . .

> (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 . . . (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 . . . (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Plaintiff Parsons sues Circuit Court Judge Joseph Walker, II, General Sessions Judge William Peeler, private attorneys C. Michael Robbins and Rebecca Mills, and Tipton County Deputies Jeff Fletcher and Donna Mills. Plaintiff complains of court rulings by Defendants Peeler and Walker beginning in 2001. Plaintiff's history of allegations against Defendant Peeler ends in 2007. Plaintiff contends that he was falsely arrested on July 6, 2008, by Defendant Fletcher. Plaintiff Parsons currently has pending criminal charges for kidnapping Barry Laxton in Tipton County Circuit Court before Defendant Judge Walker.[1] He complains of Judge

---

[1] Parsons filed an earlier lawsuit in this district against Laxton for shooting Parsons' dog. See Parsons v. Laxton, No. 08-2641-JDT/egb (W.D. Tenn. July 24, 2009)(dismissing under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) and Fed. R. Civ. P. 12(h)(3) for failure to state a claim). Parsons has also previously sued
(continued...)

Walker's actions in appointing Defendants Robbins and Mills to represent him and other court rulings in the pending criminal case. Plaintiff complains of quality of representation provided by the defendant attorneys. Parsons alleges that Defendant Mills requested that Parsons be psychologically evaluated without Parsons' permission.  Defendant Judge Walker ordered the evaluation and Parsons missed the appointment. Judge Walker subsequently set a show cause hearing, and when Plaintiff did not make a timely appearance, Judge Walker ordered Defendant Turner to arrest Plaintiff for failure to appear.  Plaintiff's bond was revoked and his was taken to jail.  Plaintiff seeks compensatory and punitive damages.

The allegations of Parsons' complaint which pertain to Defendants Peeler and Fletcher are for actions taken in 2001, 2007, and July 2008.  Plaintiff Parsons also complains of actions by Defendant Walker which occurred in 2005 and 2006. Parsons did not file this lawsuit until November 18, 2009. A one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986).

Although the statute of limitations is normally an affirmative defense that should be raised by the defendant, and although ordinarily "a complaint should not be dismissed as frivolous on the basis of an affirmative defense", a court may act sua sponte to dismiss a complaint if "the defense is obvious from the face of the complaint." Stringfellow v. Wadsworth Police Dept., No. 96-3815, 1997 WL 327313 (6th Cir. June 12, 1997)(quoting Yellen v. Cooper, 828 F.2d 1471, 1475-76 (10th Cir. 1987)).[2]  See also Franklin v. Murphy, 745 F.2d 1221, 1228

---

[1] (...continued)
the District Attorney and Assistant District Attorney for prosecuting him. See Parsons v. Dunavant, et al., No. 09-2437-JDT/tmp (W.D. Tenn. March 15, 2010)(dismissing under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii), 1915A(b) for failure to state a claim and as seeking relief from defendants who are immune from suit).

[2] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action (continued...)

(9th Cir. 1984)(holding that "[a]n action may be dismissed under section 1915(d) where the defense is complete and obvious from the face of the pleadings or the court's own records."). The allegations for events which arose over one year before this complaint was filed are barred by the statute of limitations. Additionally, even if not barred by the statute of limitations, the claims would be subject to dismissal under the following analysis.

Plaintiff sues Defendant Judge Walker complaining of rulings and action taken during his state court proceedings. A Circuit Court judge, like other judges of courts of limited jurisdiction, enjoys absolute immunity from civil suits for money damages. Mireles v. Waco, 502 U.S. 9, 12 (1991); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997)

"This far-reaching protection is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999)(citations omitted). The only exceptions to the protection of absolute judicial immunity are liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and actions which, though judicial in nature, are taken in the complete absence of all jurisdiction. Id. (citing Mireles, 502 U.S. at 11-12). A judicial action is one that is integrally related to the judge's performance of the adjudicative function. Mireles v. Waco, 502 U.S. at 12 (1991)(per curiam)(holding that judge's direction to courtroom deputies to find counsel in another court and forcibly bring him into the courtroom is a judicial act because the act is one that is normally performed by a judge); Forrester v. White, 484 U.S. 219, 227-29 (1988)(explaining distinction between judicial and non-judicial actions and holding that absolute immunity does not attach to non-judicial administrative decisions regarding employment of court personnel); Stump, 435 U.S. at 362 (holding that "the factors determining whether an act

---

(...continued)
 and 'there is no [Sixth Circuit] published opinion that would serve as well.'"
 Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge . . . ."); DePiero, 180 F.3d at 784 (same).

Applying this jurisprudence to the claims against Judge Walker, Plaintiff complains only of Judge Walker's conduct and decisions during court proceedings. These claims are clearly barred by absolute immunity.

Furthermore, the allegation that Plaintiff was arrested by Defendant Turner pursuant to Judge Walker's order does not establish any violation of Plaintiff's civil rights. The enforcement or execution of a court order is intrinsically associated with a judicial proceeding. Officials must be permitted to rely upon a judge's findings and determination to preserve the integrity of the court's authority and ability to function. Bush v. Rauch, 38 F,3d 842 (1994). Accordingly, this claim against Defendant Turner is barred by quasi-judicial immunity.

Plaintiff also has no claim against his appointed attorneys. In order to state a § 1983 claim, he must allege action under color of state law. West v. Atkins, 487 U.S. 42, 55-57 (1988). It is settled beyond dispute that neither public defenders nor private attorneys act under color of state law, regardless of whether retained or appointed to represent a criminal defendant. See Polk County v. Dodson, 454 U.S. 312, 321-25 (1981)(holding that public defender does not act under color of state law for purposes of § 1983); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979)(following Polk County as to private counsel). The only basis for any claim is that the attorney failed to provide the level of representation Plaintiff expected during his prosecution. To the extent Plaintiff has any valid claim of legal malpractice, that claim is simply a state tort law claim, not a claim under § 1983. See Polk County, 454 U.S. at 325.

Plaintiff cannot complain about state court proceedings in a collateral proceeding in federal court. This would amount to obtaining review in this Court of the decision of a Tennessee court. Any claim or defense arising from the manner in which those proceedings are being litigated should be presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even

6

> if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Insofar as Parsons' complaint may be construed as seeking an injunction against a state court, the Anti-Injunction Act specifically prohibits this Court from issuing such an injunction. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, this Court either lacks jurisdiction or must abstain from exercising any jurisdiction over Plaintiff's pending proceedings.

This complaint is devoid of jurisdiction, presents claims barred by absolute immunity, and fails to state a claim upon which relief may be granted. Therefore, it is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the litigant must file his motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE